IN THE MATTER OF THE APPLICATION OF MORRIS WES-
LER FOR REINSTATEMENT AS AN ATTORNEY-AT-LAW
OF THE STATE OF NEW JERSEY.

Argued May 3, 1938—Decided June 4, 1938.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the petitioner, *Herman Finn.*

PER CURIAM.

On March 4th, 1936, Morris Wesler was suspended from
the practice of law as an attorney-at-law of our state for a
period of two years and "until the further order of the court."
The two years having elapsed, he seeks reinstatement.

Notice of this application was served both upon the chair-
man of the grievance committee of the Atlantic County Bar
Association for the year 1936 (when the order of suspension
was entered), and upon the present chairman of the same
committee. No one of either committee appeared in opposi-
tion thereto. In explanation thereof we are told that the
committee had no special information concerning the appli-
cant since his suspension, and, moreover, that no intimation
has ever come from the court that such committees were
expected to supervise the conduct of suspended attorneys
during their period of suspension.

Notwithstanding this circumstance, the court upon its own
motion called upon the present grievance committee to ascer-
tain whether the conduct of Wesler during the two-year period
had been such as to commend him to the favorable considera-
tion of the court. In pursuance of the call thus made, we are
advised, in writing, by the committee that it called a meeting
at which all the members were present; that Wesler's appli-
cation was presented; and that each member was asked
whether he knew of any reason why Wesler should not be

reinstated. We are further advised that "in answering this question the members of the committee took into consideration * * * whether or not they had received any report of his [Wesler's] attempting to practice law during the period of his suspension or of engaging in any unethical conduct;" and that "none of the members had heard of any such conduct and the committee's action was that this application be not opposed by our committee."

Under the circumstances of this particular case, the provision of the order of suspension "until the further order of the court," is lifted, and Morris Wesler is permitted to resume practice as an attorney-at-law of this state. Let such order be entered.